THE STATE, EX REL. FRANKE, *v.* MINSHALL ET AL.

*Court of appeals — Jurisdiction on appeal — Mandamus — Chancery cases — Sealer of weights and measures — Mayor may discontinue office, when — Term of appointee of former mayor — Section 4318, General Code.*

1. A proceeding in mandamus is not a chancery case, and therefore can not be reviewed on appeal by the court of appeals under the provisions of Section 6, Article 4, Constitution, 1912.

2. The office of sealer of weights and measures may be discontinued by a mayor by refusing to name a successor and by removing a holdover appointee of a previous administration, notwithstanding the fact that council has fixed the compensation and bond of such officer, who has passed a non-competitive civil service examination, since Section 4318, General Code, leaves it optional with a mayor whether or not there shall be a sealer of weights and measures and makes his term coextensive with that of the mayor appointing him.

(Decided June 30, 1917.)

APPEAL: Court of Appeals for Cuyahoga county.

*Messrs. Maurer, Bolton & Wilson,* for plaintiff in error.

*Mr. E. A. Binyon,* for defendants in error.

JONES, P. J. This is an action in mandamus against the mayor, auditor, and certain other officials of the city of East Cleveland, to require the payment to relator of some two years' salary as sealer of weights and measures of said city.

Relator claims that he was legally appointed as such officer by the mayor of said city on March 9, 1912, by virtue of Section 4318, General Code; that he gave bond, took the oath of office, and has performed the duties of that office up to and including December 31, 1915; that no successor has ever

been appointed or qualified for said office; and that he passed a noncompetitive civil service examination to determine his fitness for such position December 27, 1913.

Defendants say that the relator was discharged by the mayor January 5, 1914, and that the office of sealer of weights and measures was then discontinued, and they deny that relator reported for duty or performed any service after January 1, 1914.

The question to be determined is whether an appointment by the mayor as sealer of weights and measures continues the appointee indefinitely as such officer under the succeeding mayor until he appoints another person to such office, even though he discontinues the office of sealer of weights and measures and discharges the incumbent who had been appointed by the previous mayor.

In the opinion of the court, Section 4318, General Code, leaves it optional with the mayor of the city whether or not there shall be such an officer as sealer of weights and measures. If he deems such an office unnecessary he may discontinue it by refusing to make an appointment and removing the holdover appointee of his predecessor, and such action does not require action on the part of council, although they may have passed an ordinance fixing the salary and prescribing the amount of the official bond, which remains unrepealed. The term of the office is fixed by Section 4318, General Code, to be coextensive with that of the mayor who made the appointment, and it is not extended by the fact that the holder passed a non-

competitive civil service examination. Under Chapter 7, Title XII, Division V, Subdivision II, he was the head of a principal department, which, by the provisions of Section 4479, and of Section 486-8, General Code, put him in the unclassified service, and he was not subject to civil service examination.

The case, however, was brought into this court by appeal. Previous to the amendment of the constitution of September 3, 1912, the law permitted an appeal from the final judgment of the court of common pleas to the circuit court. (*State, ex rel. Barker,* v. *Philbrick, Director Public Safety,* 69 Ohio St., 283, and Section 12224, General Code.) But the jurisdiction of the court of appeals was fixed by Section 6, Article IV of the Constitution as amended. (*The Cincinnati Polyclinic* v. *Balch,* 92 Ohio St., 415.) And Section 12224, General Code, was therefore held unconstitutional in *Wagner* v. *Armstrong et al.,* 93 Ohio St., 443, which declared the jurisdiction of courts of appeals expressly limited to chancery cases.

While there are many striking points of resemblance between a writ of mandamus and a writ of injunction, there is likewise a clear divergence. (High's Extraordinary Legal Remedies, Section 6.) The writ of mandamus is of ancient origin in the English law. It was a prerogative writ of the king, issued by the king's bench only, and courts of chancery had no jurisdiction in mandamus. While in the United States it has lost its prerogative aspect, it is granted only in extraordinary cases, where relief can not be otherwise obtained, and its function is to compel action in the performance

of a clear and well-defined duty. It is provided by statute and has all the attributes of a civil action. A consideration of its early history and its present use brings us to the conclusion that it can not be considered as a chancery case, which under the present constitution could be reviewed on appeal by this court.

The court being without jurisdiction the appeal must be dismissed.

*Appeal dismissed.*

GORMAN and HAMILTON, JJ., concur.

Judges of the First Appellate District sitting in place of Judges GRANT, CARPENTER and LIEGHLEY of the Eighth Appellate District.